# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

LESTER PHILLIPS                                                    PETITIONER
ADC #113825

V.                              NO. 5:17CV00009-JM-JTR

WENDY KELLEY, Director,                                            RESPONDENT
Arkansas Department of Correction

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent

to United States District Judge James M. Moody, Jr. You may file written objections

to all or part of this Recommendation. If you do so, those objections must: (1)

specifically explain the factual and/or legal basis for your objection; and (2) be

received by the Clerk of this Court within fourteen (14) days of this

Recommendation. By not objecting, you may waive the right to appeal questions of

fact.

## I. Introduction

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus

filed by Lester Phillips ("Phillips"), an Arkansas Department of Correction ("ADC")

inmate. *Doc. 2*. Before addressing Phillips's habeas claims, the Court will review

the procedural history of the case in state court.

On October 30, 2013, a Jefferson County jury convicted Phillips of second-degree murder. He was sentenced, as a habitual offender, to forty years of imprisonment in the ADC. *Doc. 7-2.*

Phillips appealed to the Arkansas Court of Appeals, which affirmed his conviction on August 26, 2015. *Phillips v. State*, 2015 Ark. App. 419, 467 S.W.3d 742. He then had eighteen days, until September 13, 2015, to file a petition for review with the Arkansas Supreme Court. Ark. Sup. Ct. R. 2-4(a). Because September 13 fell on a Sunday, the deadline became Monday, September 14, 2015. *See* Ark. R. App. P.-Crim. 17. Phillips did *not* file a petition for review with the Arkansas Supreme Court.

On October 16, 2015, Phillips filed a timely *pro se* Rule 37 petition in the trial court, arguing that his trial counsel was constitutionally ineffective for failing to present any mitigating testimony during the sentencing phase of the trial. *Doc. 7-4.* Phillips signed the Rule 37 petition, but he did not include an affidavit verifying that it was true, correct and complete, as required by Ark. R. Crim. P. 37.1(c).

On February 3, 2016, the trial court entered an order denying Rule 37 relief because: (1) Phillips had failed to comply with Rule 37.1(c)'s verification requirement; and (2) his claim was without merit. *Doc. 7-6.*

On February 26, 2016, Phillips filed a notice of appeal of the denial of his Rule 37 petition. *Doc. 7-7.* Under Arkansas's procedural rules, he had ninety days,

until May 26, 2016, to file the record with the clerk of the Arkansas Supreme Court. *See* Ark. R. App. P.-Crim. 4(b). In his notice of appeal, Phillips stated that: (1) he had requested that the transcript be prepared and sent to the Arkansas Supreme Court; and (2) he was simultaneously filing a request for leave to proceed *in forma pauperis*. *Id. at 2.* No *in forma pauperis* petition was ever filed, and Phillips did not file the record with the Arkansas Supreme Court by the May 26, 2016 deadline. *Doc. 7-8 (trial court docket sheet); Doc. 7 at 3 n.2.*

On January 9, 2017, Phillips filed this § 2254 habeas action.[1] He argues: (1) his trial counsel was constitutionally ineffective; and (2) the trial court improperly denied his Rule 37 post-conviction petition without appointing him counsel or holding an evidentiary hearing. *Docs. 2 & 3.*

In her Response, Respondent argues that Phillips's claims should be dismissed because: (1) the § 2254 Petition is time-barred; (2) his claims are procedurally defaulted; (3) his claim regarding the Rule 37 post-conviction proceeding is not

---

[1]Because Phillips does not state the date he placed his § 2254 Petition in the prison mail system, *see Doc. 2 at 12,* he is not entitled to the benefit of the "prison mailbox rule." Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (timely inmate filing may be shown "by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit [in the institution's internal mailing system] and state that first-class postage has been prepaid"); *Henderson-El v. Maschner,* 180 F.3d 984, 985-86 (8th Cir. 1999) (federal habeas petitioner cannot avail himself of the benefits of the prison mailbox rule unless he proffers evidence of the date that he delivered his petition to prison officials for mailing). However, even if Phillips were allowed to receive the few days granted by the prison mailbox rule, it would in no way make his § 2254 Petition timely.

cognizable; and (4) his ineffective-assistance claims are without merit. *Doc. 7.* Phillips has filed a Reply. *Doc. 9.*

Because all of Phillips's habeas claims are barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1), the Court need not address Respondent's other arguments for dismissal.

## II. Discussion

### A.    Calculation of Limitations Period

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for habeas relief within one year of the date the "judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a criminal defendant fails to seek discretionary review of his criminal conviction in the state's highest court, his judgment becomes "final" when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *see Johnson v. Hobbs,* 678 F.3d 607, 610 (8th Cir. 2012) (in cases from the Arkansas Court of Appeals, a conviction becomes "final" when the prisoner can no longer file a petition for review with the Arkansas Supreme Court).

On August 26, 2015, the Arkansas Court of Appeals affirmed Phillips's convictions. Because he elected not to seek discretionary review from the Arkansas

Supreme Court, his convictions became "final" on September 15, 2015, when he could no longer seek review from that Court.[2] Phillips then had one year to initiate this § 2254 action. Because he waited sixteen months -- until January 9, 2017 -- to initiate this action, his habeas Petition is barred as untimely unless the Court determines that statutory or equitable tolling applies.

## B. Statutory Tolling

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). A Rule 37 post-conviction petition that fails to satisfy Arkansas's verification requirement imposed by Rule 37.1(c) is not "properly filed" for tolling purposes under § 2244(d)(2). *Nelson v. Norris,* 618 F.3d 886, 891-92 (8th Cir. 2010); *Walker v. Norris,* 436 F.3d 1026, 1030-32 (8th Cir. 2006). Because Phillips's Rule 37 petition was not verified, it was not "properly filed" under § 2244(d)(2) and had no tolling effect. This conclusion is not altered by the fact that the state trial court also addressed the merits of Phillips's Rule 37 claims. *See Runyan v. Burt,* 521 F.3d 942, 944-45 (8th Cir. 2008) (state post-conviction petition that did not comply with state

---

[2]*See Johnson,* 678 F.3d at 610 & n.3 (state conviction became "final" when the prisoner "could no longer seek review" from the Arkansas Supreme Court, *i.e.*, the day after the deadline for filing a petition for review with that court); *King v. Hobbs,* 666 F.3d 1132, 1135-36 & n.4 (8th Cir. 2012) (habeas statute of limitations began running the day after the deadline for filing a petition for review with the Arkansas Supreme Court); Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period).

filing requirements was not "properly filed" for federal tolling purposes even though state courts addressed merits).

Thus, the one-year federal habeas statute of limitations was not tolled during the pendency of Phillips's Rule 37 proceeding.

## C. Equitable Tolling

Phillips argues that he is entitled to the benefit of equitable tolling of the one-year limitations period to save his otherwise untimely claims. A federal habeas petitioner may be entitled to equitable tolling of the statute of limitations if he can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 645, 649 (2010).

Phillips has not demonstrated that he pursued his rights diligently. After his conviction was affirmed in August 2015, he filed a procedurally defective Rule 37 post-conviction petition, failed to perfect his appeal of the trial court's denial of that petition, and then waited almost one year before initiating this § 2254 action. The fact that he was trying to pursue post-conviction relief in state court during this time does not excuse him from diligently taking the necessary steps to preserve and timely file his federal habeas claims. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (refusing to apply equitable tolling during period that petitioner was "trying in good faith to exhaust state remedies," and observing that petitioner could have filed a

"protective" habeas petition in federal court); *Gordon v. Arkansas,* 823 F.3d 1188, 1195 n.4 (8th Cir. 2016) (refusing to apply equitable tolling to period petitioner was attempting to exhaust state-court remedies); *Runyan,* 521 F.3d at 943-44 (rejecting the applicability of equitable tolling where "properly verifying the Iowa [post-conviction relief] application and including the requisite filing fee were entirely within Runyan's control" and he "could have protected himself" during their pendency by filing a timely federal habeas petition and seeking "stay and abeyance"); *Walker,* 436 F.3d at 1030-31.

The Eighth Circuit has made it clear that equitable tolling is *not* justified by a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. *See, e.g., Johnson,* 678 F.3d at 611; *Shoemate v. Norris,* 390 F.3d 595, 597-98 (8th Cir. 2004).

Liberally construed, Phillips's habeas papers also argue that, because he was without counsel in his state post-conviction proceedings, "extraordinary circumstances" exist to justify equitable tolling pursuant to *Martinez v. Ryan,* 566 U.S. 1 (2012).[3] *See Doc. 9 at 7-8.* However, courts have uniformly held that, while *Martinez* changed the law regarding federal habeas review of *procedurally defaulted*

---

[3]Under some circumstances, *Martinez* permits federal habeas review of a procedurally defaulted claim of ineffective assistance of trial counsel, where the default was caused by the absence or ineffective assistance of counsel during state post-conviction proceedings. *Martinez,* 566 U.S. at 13-14.

claims, the decision does not constitute an "extraordinary circumstance" warranting equitable tolling of the one-year statute of limitations for filing a *timely* § 2254 habeas action. *Lombardo v. United States,* 860 F.3d 547, 555-61 (7th Cir. 2017) ("declin[ing] to recognize *Martinez's* framework as a means of establishing extraordinary circumstances for the purposes of equitable tolling"); *Arthur v. Thomas,* 739 F.3d 611, 631 (11th Cir. 2014) (holding that "the reasoning of the *Martinez* rule does not apply to [the one-year] limitations period in § 2254 cases or any potential tolling of that period"); *Parkhurst v. Wilson,* 525 F. App'x 736, 738 (10th Cir. 2013) (habeas petitioner's "recent discovery of a relevant legal defense" based on *Martinez* does not provide a basis for equitable tolling). Because *Martinez* provides no basis for extending the limitations period, Phillips is not entitled to any equitable tolling.

### III. Conclusion

For the foregoing reasons, this Petition should be denied in its entirety as untimely. IT IS THEREFORE RECOMMENDED THAT:

1.      This 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 2*, be DENIED, and this habeas action be DISMISSED, WITH PREJUDICE; and

2.      A Certificate of Appealability be DENIED; *see* 28 U.S.C. § 2253(c); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 7th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE